Julio Fernandez
**HERNANDEZ, Plaintiff,**

v.

**UNION CARBIDE CORPORATION, J.G. McFerrin, and/or R. Hardison, and/or B. Barton, and/or R. Hanlon, Defendants.**

Civ. No. 83–2926 (JAF).

United States District Court,
D. Puerto Rico.

Aug. 28, 1986.

Pedro J. Varela, Hato Rey, P.R., for plaintiff.

Manuel A. Guzmán, McConnell Valdes Kelley Sifre Griggs & Ruiz-Suria, San Juan, P.R., for defendants.

## MEMORANDUM OPINION AND JUDGMENT

FUSTE, District Judge.

On January 25, 1984, Julio Fernandez Hernández (Plaintiff) filed an amended complaint for damages against Union Carbide Corporation (UCC), J.G. McFerrin, R. Hardison, B. Barton, and R. Hanlon (the natural-person defendants). The natural-person defendants were employees of UCC, sued in their individual capacity. Jurisdiction was invoked under 28 U.S.C. Sec. 1332(a)(1) and remains undisputed. The parties are of diverse citizenship and the amount in controversy exceeds $10,000, exclusive of interests and costs.

Plaintiff had been employed with Union Carbide Grafito, Inc. (Grafito), during 1970–1981. Grafito operates a plant located in Yabucoa, Puerto Rico, where graphite electrodes are produced. This plant is a wholly-owned subsidiary of UCC, a New York corporation. Plaintiff alleges that during his employment with Grafito, he was exposed to toxic levels of graphite and coal tar pitch volatiles which caused his total disability. He is now impeded from engaging in any gainful activity. He is receiving medical treatment and monetary assistance from the Puerto Rico State Insurance Fund. *See* The Puerto Rico Workmen's Accident Compensation Act (PRWACA), P.R. Laws Ann. tit. 11 sec. 21 (1968).

Plaintiff previously argued unsuccessfully that UCC was responsible for his damages. On May 23, 1985, this court (Pérez-Giménez, J.), rejected said argument and held that UCC was statutorily protected and, thus, had the benefits of absolute or statutory-employer immunity from tort ac-

tion. See Appendix I to this memorandum opinion and judgment. This decision is now final.

As this case now stands, the controversy against the remaining natural-person defendants is twofold. We must first decide the issue of whether we can exercise *in personam* jurisdiction over said individual defendants. In so doing, we will examine the extent of codefendants' involvement with Grafito's safety and health measures. The second aspect of this controversy is related to the first. We must further decide whether defendants' involvement with Grafito was equivalent to having control over safety and health, thus creating a duty to Grafito that would, in turn, benefit plaintiff.

Simply put, the individual defendants argue that they did not have the control over safety and health or the duty of providing Grafito's employees with a safe working environment. They allege such duty was exclusively that of Grafito and that they merely served as a source of orientation and guidance on safety procedures. Plaintiff opposes. He claims a factual controversy exists which requires an adjudication on the merits. Fed.R.Civ.P. 56.

The next issue is whether the natural-person defendants, employees of a parent corporation, may be liable for the alleged negligence of the subsidiary in providing plaintiff a safe working place and environment. If the material facts are undisputed, and if defendants are entitled to judgment as a matter of law, summary judgment shall be entered. *See Palhava de Varella-Cid v. Boston Five Cents Sav.*, 787 F.2d 676, 678 (1st Cir.1986). We afford a liberal reading to all admissible evidence offered by plaintiff in his opposition, and all reasonable inferences from the evidence shall be drawn in his favor. *Hahn v. Sargent*, 523 F.2d 461, 464 (1st Cir.1975), *cert. denied*, 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 754 (1976). We find that *in personam* jurisdiction is present. However, we find, on this record, for defendants. In our opinion, the natural-person defendants are not liable to plaintiff.

## I.

Plaintiff has attempted to establish that the natural-person defendants, as executives of UCC, were entrusted "as part of their work responsibilities to establish, organize, monitor, and supervise the Union Carbide Grafito plant in Yabucoa (sic)." First Amended Complaint, docket document No. 8A. An examination of the pleadings, affidavits, and other documents on file shows that defendants' functions were as follows: (a) *Richard Hanlon:* UCC employee and Director of Industrial Hygiene. He visited the Grafito plant on a more than occasional basis; (b) *Berlie Barton:* He was a UCC Senior Manager for Safety involved in monitoring other subsidiaries of UCC, including Grafito. It is established that he visited the Grafito plant and prepared reports on the investigations done at Grafito; (c) *Richard Hardison:* From 1976 to 1980, Hardison was the Manager of the Health and Environment Division for Carbon Products of UCC. He assisted the plant management of the carbon products plants to train and qualify their staff to do health sampling and health determinations studies. He audited the procedures to insure compliance with the Occupational Safety and Health Administration (OSHA) requirements; (d) *John McFerrin:* From 1976 to 1981 he worked with UCC's Carbon Products Division at its Health, Safety and Environmental Affairs Development. McFerrin had under his charge the supervision of various UCC plants. Codefendants Hanlon and Barton responded directly to him.

On this record, we find sufficient contacts of defendants with this jurisdiction. *Mangual v. General Battery Corp.*, 710 F.2d 15, 19–20 (1st Cir.1983). This court, consistent with due process, can exercise *in personam* jurisdiction over the nonresident defendants under Puerto Rico's long-arm statute, P.R. Laws Ann. tit. 32 app. II R. 4.7(a)(2). *See Kowalski v. Doherty, Wallace, Pillsbury & Murphy*, 787 F.2d 7, 8–9 (1st Cir.1986); *Escude Cruz v. Ortho*

*Pharmaceutical,* 619 F.2d 902, 906–08 (1st Cir.1980).

Here, our finding of *in personam* jurisdiction cannot alone serve to defeat defendants' motion for summary judgment. The case law in this circuit has recognized that a determination of *in personam* jurisdiction is preliminary and independent from the actual merits of the case. *Muñiz v. National Can Corp.,* 737 F.2d 145, n. 9 148 (1st Cir.1984); *Mangual,* 710 F.2d at 20. The finding of jurisdiction allows us to examine the second related matter, to wit: whether plaintiff has a cause of action. Plaintiff's case need not go to the jury if, as a matter of law, there is an insuperable obstacle to relief.

## II.

■ Plaintiff's suit against individual co-defendants must be seen under article 31 of PRWACA, P.R. Laws Ann. tit. 11 sec. 32 (1968), and article 1802 of the Civil Code of Puerto Rico, P.R. Laws Ann. tit. 31 sec. 5141 (1956). If not, the suit would be barred by P.R. Laws Ann. tit. 11 sec. 21 (1968), which prohibits tort actions against the employer and the statutory employer. *See* Appendix I; *see also Alonso García v. Friesecke,* 597 F.2d 284 (1st Cir.1979). Therefore, plaintiff must prove that the persons here sued are "third parties" liable to him.

The Supreme Court of Puerto Rico has established that the concept of "third party liable" includes any other person apart from the employer or the injured employee, including directors, managers, shareholders, and co-workers. *López Rodríguez v. Delama,* 102 P.R. Dec. 254, 257 (1974). However, the natural-person defendants cannot be responsible in tort, unless it is first shown that they owed plaintiff a duty of care. *Sociedad C/P Hernández v. González Padín Co., Inc.,* —— P.R. Dec. ——, 86 J.T.S. 23 at 4259 (1986). In this respect, the rule of law is that the direct employer has a nondelegable duty to provide for the safety of its employees. In this case, plaintiff had the burden of establishing that the parent company or its employees affirmatively assumed such duty. *Muñiz v. National Can Corp.,* 737 F.2d 145, 148 (1st Cir.1984). Said decision states at page 148:

> Because an employer has a nondelegable duty to provide safe working conditions for its employees, we do not lightly assume that a parent corporation has agreed to accept this responsibility ... to establish such duty, the subsidiary employee must show some proof *of a positive undertaking* by the parent corporation. (Emphasis added).

Furthermore, *Muñiz* holds that mere recommendations, reports or aids in inspections would not be equivalent to a showing of "positive undertaking". *Muñiz,* at 148.

The documentation submitted by the parties confirms that Grafito did not delegate the duty of implementing its own safety measures. The file documents clearly establish that Grafito had its own employees in charge of plant management, a safety coordinator and an environmental coordinator, who, among others, had the direct and undelegable duty of providing a safe working environment. Plaintiff has only demonstrated that the natural-person defendants were employed by UCC, the parent corporation, to do their respective work, which included monitoring these health and safety matters. Their parent-company/subsidiary-related involvement does not allow the inference that they had the sole responsibility for implementing safety and health measures at Grafito.

There being no duty, we cannot speak in terms of foreseeability and, thus, of negligence. *Hernández v. La Capital,* 81 P.R. Dec. 1031 (1960). Plaintiff's attempts to impose a *personal* duty on the managers of the parent corporation, without more, does not justify imposing personal responsibility on these defendants. In our view, plaintiff simply attempts to circumvent the absolute immunity of Grafito and UCC under PRWACA. On this record, Grafito had the duty of care towards its employees, such as plaintiff. Grafito is not a party to this action. *See Muñiz,* 737 F.2d at 148 ("an employer has a nondelegable duty to

provide safe working conditions"); see also 2A A. Larson, *The Law of Workmen's Compensation* sec. 72.13 (1983) (suit against the employee is barred if the duty allegedly violated was a nondelegable obligation of the corporation). The natural-person defendants cannot be held responsible under PRWACA or the Civil Code. Defendants' motions are GRANTED.

### Judgment

Based on the foregoing opinion, the amended complaint of February 2, 1984 is hereby DISMISSED.

IT IS SO ORDERED.

### APPENDIX I

### CIVIL NO. 83–2926(PG)

### May 23, 1985

### OPINION AND ORDER

On April 6, 1984, co-defendant Union Carbide filed a motion to dismiss plaintiff's first amended complaint for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff filed his opposition thereto and co-defendant Union Carbide filed its reply to plaintiff's opposition.

According to the amended complaint, Julio Fernández Hernández suffered a total disability as a result of his being exposed to graphite and coal tar volatiles while working at the Yabucoa, Puerto Rico, plant of Union Carbide Grafito, Inc. (UCG). The complaint alleges negligence against Union Carbide Corp. (UCC), the owner of UCG, and several individual officers of UCC. UCG is immune from suit under the Puerto Rico Workman's Accident Compensation Act (PRWACA), 11 L.P.R.A. § 21. Jurisdiction over the defendants is predicated on Puerto Rico's long-arm statute, 32 L.P.R.A., App. 11, R. 4.7.

Puerto Rico's long-arm statute provides two possible independent bases for jurisdiction in this case.

(a) When the person to be served is not within Puerto Rico, the General Court of Justice of Puerto Rico shall have personal jurisdiction over said non-resident as if he were a resident ... if the action or claim arises as a result of the following:

(1) Such person or his agent carries out business transactions within Puerto Rico; or

(2) Executes by himself or through his agent, tortious acts within Puerto Rico[.]

32 L.P.R.A., App. 11, R. 4.7.

We have to determine whether in the light most favorable to plaintiff, and with every doubt resolved on his behalf, the complaint states any valid claim for relief. 5 Wright & Miller, *Federal Practice and Procedure*, § 1357.

Co-defendant Union Carbide contends that plaintiff's allegations of control and dominance by the parent company, UCC, of the working activities of the subsidiary, UCG, defeat his substantive claim because it would then follow that UCC was the plaintiff's actual statutory employer who would be immune from suit under PRWACA.

For purposes of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) the allegations of the complaint are considered as true as a matter of law. *Siano v. Justices of Massachusetts*, 698 F.2d 52, 53 (1st Cir.1983).

From the allegations it appears that:

1. UCC is the sole owner of UCG;

2. UCC is made party-defendant to this action by reason of the indemnity agreement contained in its certificate of incorporation relative to the individual defendants and by reason of its doing business in Puerto Rico and by having participated in the acts through itself, its agents and/or employees;

3. Plaintiff's intoxication was the result of UCC having failed to provide a safe place of employment for plaintiff and having failed to take the necessary steps and measures to avoid intoxication and other hazardous working conditions, as well as in having otherwise failed to avoid the occurrence;

4. The structural changes at the Yabucoa plant required to have avoided plaintiff's intoxication could not have been incorporated by UCG's local management since such management has no power to carry out the changes. The power and responsibility to incorporate changes at the Yabucoa plant so as to provide a safe place of employment lies with the parent company, UCC, which was also the party which designed and developed the equipment used at the plant;

5. It is the parent company, UCC, which through various of its officers established, organized, operated and supervised the activities of the plant at Yabucoa;

6. UCC continues to operate the plant and through its own officers has exercised the power to operate, supervise and monitor proper safety and hygiene conditions at UCG.

The above allegations shown are similar to the ones in the case of *Santiago v. Becton Dickinson & Co., S.A.,* 571 F.Supp. 904 (D.C.P.R.1983), to wit: that the nonresident parent corporation's (UCC) liability is premised on its alleged control and dominance of the working activities of the subsidiary (UCG). In *Escudé Cruz v. Ortho Pharmaceutical Corp.,* 619 F.2d 902, 906 (1st Cir.1980), the First Circuit Court of Appeals recognized that a showing of domination by the nonresident parent sufficient to establish *in personam* jurisdiction would defeat the plaintiff's substantive claim. It would then follow that the nonresident parent corporation was the plaintiff's actual employer who would be immune from suit under the PRWACA. *Mangual v. General Battery Corp.,* 710 F.2d 15 (1st Cir.1983).

In his opposition, although plaintiff accepts that UCC is not subject to suit because of its ownership of UCG, he alleges that jurisdiction may be asserted as it could over any third party because its agents committed tortious acts within the forum. Plaintiff further contends that because of its officers' tortious conduct, UCC lost any immunity it may have had under the PRWACA. In support of his allegation, plaintiff cites and quotes from *Mangual v. General Battery Corp., supra,* at 21.

Co-defendant's reply to plaintiff's allegation is that irrespective of the negligence of UCC's directors, officers or employees, if any, as well as irrespective of the fact that in their individual capacities such directors and officers may not themselves enjoy workman's compensation immunity, UCC's corporate workman's compensation immunity is absolute.

Contrary to the allegations of the complaint in this case, in *Mangual* there was no evidence that the nonresident parent corporation controlled its subsidiary in Puerto Rico. However, the Court did find that an officer of the parent company acting as an agent of the nonresident parent company had committed tortious acts within Puerto Rico. The First Circuit Court of Appeals held that the district court had jurisdiction under Puerto Rico's long-arm statute, Rule 4.7(a)(2), over the nonresident parent corporation based on the alleged tortious act of its agent within the jurisdiction. However, the Court noted that its finding of jurisdiction did not "preclude the district court from later finding that [the parent company] is immune from suit under the statutory employer doctrine of the workman's compensation law.... We merely hold that ... [the agent's] actions may ... serve to establish jurisdiction over [the parent company]." *Mangual, supra,* at 21, n. 6.

The Supreme Court of Puerto Rico has established that the statutory immunity is absolute. *See, Cortijo Walker v. Fuentes Fluviales,* 91 D.P.R. 574, 582 (1964); *Vda. de Costas v. P.R. Olefins,* 107 D.P.R. 782 (1978); *Admor F.S.E. v. Flores Hons. Cement Prods.,* 107 D.P.R. 789 (1978); *Ruiz Díaz v. Vargas Reyes,* 109 D.P.R. 761 (1980). UCC does not loose its immunity under the PRWACA because of the alleged tortious conduct of its officers.

Seeking to avoid dismissal, plaintiff claims that his action against UCC is grounded on an indemnity agreement contained in UCC's certificate of incorporation by which UCC in its articles of incorpo-

ration presumably agreed to indemnify its officers or directors from civil judgments against the latter stemming from the negligence in the discharge of their particular duties as officers and directors. UCC's workman's compensation immunity is absolute as against a direct action by the plaintiff against UCC irrespective of UCC's officers and directors' tortious conduct, if any, and irrespective of the agreement which as a matter of articles of incorporation UCC may have entered with such officers and directors concerning indemnification.

WHEREFORE, in view of the above, the Court hereby GRANTS co-defendant Union Carbide Corporation's motion to dismiss plaintiff's action for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

/s/ Juan M. Perez-Gimenez
JUAN M. PEREZ–GIMENEZ
Chief U.S. District Judge