Dortch-Okara, J.
The plaintiffs brought these tort actions following an explosion at the plant of Gotham Ink of New England, Inc. which killed or injured several workers. This matter is before the court on defendant Superior Ink Printing Company’s motion for summary judgment. For reasons set forth below, the motion for summary judgment is denied.
BACKGROUND
The summary judgment record includes the pleadings of the parties and evidence which would be admissible at trial found in the documents, deposition testimony, and affidavits submitted by the parties. To the extent that these materials reveal disputed factual allegations, I accept the version of the facts most favorable to the plaintiffs for purposes of this motion. The facts are summarized as follows:
Gotham Ink of New England, Inc. (“Gotham”) is a wholly-owned subsidiary of Superior Printing Ink Company, Inc. (“Superior"). The two companies have common corporate officers and directors. Both companies are in the business of producing ink.
On March 6, 1989, an explosion occurred on the premises of Gotham, which injured several employees and killed two others. The plaintiffs, all of whom were harmed directly or indirectly by the explosion, have named Superior as a defendant in this action, claiming that the explosion was caused by Superior’s negligence regarding safety at the Gotham plant. Superior asserts that it had no duty to provide a safe working environment at Gotham.
Superior played a role in several of Gotham’s activities. The president of both Superior and Gotham was paid only by Superior. Gotham employees called Superior to resolve payroll problems, and paychecks came in a package with Superior’s name on it. Gotham’s bills were sent to Superior by courier.
Superior had at least some involvement in safety conditions at Gotham, as demonstrated by several facts. Gotham’s safety officer had a copy of Superior’s “Hazard Communication Program” on file. Superior supplied Gotham with a Right To Know video which concerned hazardous materials. Health care cards issued to Gotham employees listed Superior as the employer. Superior officials participated extensively in the National Association of Printing Ink Manufacturers (“NAPIM”), a trade organization which provided safety information and materials to its members. Gotham was not a member of NAPIM.
Further, Superior influenced Gotham’s actions in the aftermath of the explosion. Immediately following the accident, Superior instituted a policy by which Superior had to approve any Workers’ Compensation claims by Gotham employees. A Superior employee was sent to Gotham to organize the contractors and generally help out. Corporate officials who served both Superior and Gotham were dispatched to the Gotham plant as well.
DISCUSSION
Summary judgment shall be granted where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the moving party is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). Where the party moving for summary judgment does not have the burden of proof at trial, this burden may be met by either submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communication Corp., 410 Mass. 805, 809 (1991). Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). Once the moving parly establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a material fact in order to defeat the motion. Pederson, supra at 17.
A parent company is liable for the negligence of its subsidiary if the parent company assumes a duty to act by affirmative undertakings. Pomoles v. Becton Dickinson & Co., S.A., 839 F.2d 1, 4 (1st Cir. 1988). The parent company is liable for unsafe conditions at a subsidiary if it affirmatively undertakes to provide a safe working environment at the subsidiary. Muniz v. National Can Corp., 737 F.2d 145, 148 (1984). Summary judgment on the issue of responsibility for safety conditions is inappropriate where there is evidence that the parent company provided safely advice and services. Smith v. Atlantic Richfield Company, 814 F.2d 1481, 1488-89 (10th Cir. 1987).
The plaintiffs in this case have submitted admissible evidence that Superior provided, at a minimum, safety advice and services. This evidence shows that Superior gave Gotham’s safety officer a copy of Superior’s Hazard Communication Program, and a video regarding hazardous materials. Although both Superior and Gotham were in the business of manufacturing ink, Superior but not Gotham belonged to the trade organization which disseminated information about safety. Superior exerted control over the worker’s compensation claims of Gotham employees, and Superior’s name was imprinted on the health care cards of Gotham employees. Finally, Superior responded to the explosion at Gotham by sending a Superior employee to help coordinate the clean-up. This evidence, combined with Superior’s general participation in Gotham’s activities, gives rise to a ques *108 tion of fact about whether Superior assumed the duly to provide a safe working environment at Gotham.
ORDER
For the foregoing reasons, it is ORDERED that the defendant’s motion for summary judgment be DENIED.