PUERTO RICO AMERICAN
INSURANCE COMPANY,
et al., Plaintiffs

v.

Carlos H. BURGOS, et al., Defendants.

Civil No. 01–1186 (SEC).

United States District Court,
D. Puerto Rico.

June 5, 2008.

James W. McCartney, Rafael E. Barreto–Sola, Harry R. Nadal–Arcelay, Cancio,

Nadal, Rivera & Diaz, Cesar A. Andreu, Andreu & Andreu, San Juan, PR, for Plaintiffs.

Rafael Ocasio–Ramos, Catano, PR, pro se.

George Otero–Calero, Bayamon, PR, Lydia Lizarribar–Buxo, Lizarribar Masini Law Office, Carlos Juan Colon–Marchand, Maria I. Santos–Rivera, Maria I. Santos Law Office, John R. O'Connor–Casanas, John R. O'Connor Law Office, Jorge A. Cartaya–Brao, Jorge A. Cartaya Law Office, San Juan, PR, for Defendants.

Jeanice Casiano, Guaynabo, PR, pro se.

Ivys Lopez–Diaz, San Juan, PR, pro se.

Conjugal Partnership Valderrama–Mestre, pro se.

Edgardo Valderrama–Morales, Rincon, PR, pro se.

Alexandra Rivera–Rondon, Catano, PR, pro se.

## OPINION AND ORDER

SALVADOR E. CASELLAS, Senior District Judge.

This action arises under Sections 1962(c) and (d) of the Racketeer Influenced and Corrupt Organizations Act (hereinafter "RICO"), 18 U.S.C.A. § 1962(c) & (d). Plaintiffs in this action (hereinafter the Insurance Companies) seek recovery for the damages inflicted by Co-defendants Manuel Valderrama–Sepúlveda's, Edgardo Valderrama–Morales' and Carmen Mestre–López's allegedly continuous illegal and fraudulent actions (hereinafter referred to as "the Valderrama Defendants").[1] The Insurance Companies have

1. This case was filed against hundreds of defendants. *See,* Docket # 226A. However, after the conclusion of discovery, pending for adjudication are the Insurance Companies'

specifically alleged that these defendants participated in a fraudulent scheme against them whereby, through a series of carefully orchestrated and synchronized transactions, they illegally presented false claims under automobile insurance policies issued by the Insurance Companies for fictitious accidents involving bogus or non-existent damages to insured and non-insured third-party automobiles.

Pending before the Court is the Insurance Companies'[2] motion for summary judgment against the Valderrama Defendants (Docket # 1005), and the Valderrama Defendants' oppositions thereto (Docket # 1040). After reviewing the parties' filings, and the applicable law, the Insurance Companies' motion for summary judgment will be **GRANTED in part and DENIED in part.**

### Standard of Review

FED.R.CIV.P. 56(a) provides that: "[a] party seeking to recover upon a claim . . . may, at any time, after the expiration of 20 days from the commencement of the action . . . move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof." The Court may grant the movant's motion for summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED.R.CIV.P.

56(c); *See also, Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202(1986); *NASCO, Inc. v. Pub. Storage, Inc.*, 29 F.3d 28 (1st Cir. 1994). "The principal judicial inquiry required by Rule 56 is whether a genuine issue of material fact exists." WRIGHT, MILLER & KANE, Federal Practice and Procedure: Civil 3d § 2725, p. 401.

Summary judgment "admits of no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails." *Id.; citing, Greenburg v. P.R. Mar. Shipping Auth.*, 835 F.2d 932, 936 (1st Cir. 1987). Accordingly, if the facts permit more than one reasonable inference, the court on summary judgment may not adopt the inference least favorable to the non-moving party. *Casas Office Machines, Inc. v. Mita Copystar America, Inc.*, 42 F.3d 668, 684 (1st Cir.1994)(hereinafter *Copystar*). Notwithstanding this general rule, in order to defeat summary judgment, the opposing party may not rest on conclusory allegations, improbable inferences, and unsupported speculation. *See, Hadfield v. McDonough*, 407 F.3d 11, 15 (1st Cir.2005)(*citing, Medina–Muñoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir.1990)(hereinafter *Hadfield*)). Nor will "effusive rhetoric" and "optimistic surmise" suffice to establish a genuine issue of material fact. *Cadle Co. v. Hayes*, 116 F.3d 957, 960 (1st Cir.1997). Once the party moving for summary judgement has

---

claims against only some of those defendants (approx.15). The Insurance Companies have filed separate motions for summary judgment against those individual defendants. Likewise, we will issue an Opinion and Order separately for each of those individual defendants.

**2.** Although this case was filed by nine (9) Plaintiffs, only eight presented evidence to support summary judgment against the Valderrama Defendants: the Puerto Rican American Insurance Company (hereinafter PRAICO); the National Insurance Company (hereinafter National), the Royal & Sunalliance Insurance Company (hereinafter Royal); the Caribbean Alliance Insurance Company (hereinafter CAICO); the Integrand Assurance Company (hereinafter Integrand); the Cooperativa de Seguros Múltiples de Puerto Rico (Cooperativa); and the Asociación the Suscripción Conjunta (JUA).

established an absence of material facts in dispute, and that he or she is entitled to judgement as a matter of law, the "party opposing summary judgment must present definite, competent evidence to rebut the motion." *Méndez–Laboy v. Abbott Lab.*, 424 F.3d 35, 37 (1st Cir.2005) (*quoting, Maldonado–Denis v. Castillo–Rodríguez,* 23 F.3d 576, 581 (1st Cir.1994)). "The nonmovant must 'produce specific facts, in suitable evidentiary form' sufficient to limn a trial-worthy issue.... Failure to do so allows the summary judgment engine to operate at full throttle." *Id.*; *see also, Kelly v. United States,* 924 F.2d 355, 358 (1st Cir.1991) (warning that "the decision to sit idly by and allow the summary judgment proponent to configure the record is likely to prove fraught with consequence."); *Medina–Muñoz,* 896 F.2d at 8, (*quoting, Mack v. Great Atl. & Pac. Tea Co.,* 871 F.2d 179, 181 (1st Cir.1989)) (holding that "[t]he evidence illustrating the factual controversy cannot be conjectural or problematic; it must have substance in the sense that it limns differing versions of the truth which a fact-finder must resolve.")

### Applicable Law and Analysis

▊ In support of their motion for summary judgment, and in accordance with Local Rule 56(b), the Insurance Companies filed a separate Statement of Uncontested (Docket # 1006)(hereinafter SUF) which was properly supported by affidavits, as required by FED.R.CIV.P. 56(e). Said SUF contained 70 paragraphs with proposed uncontested facts. On the other hand, the Valderrama Defendants filed an opposing motion (Docket # 1040) non compliant with Local Rule 56(c), which provides that

[a] party opposing a motion for summary judgment shall submit with its opposition a separate, short, and concise statement of material facts. The opposing statement **shall admit, deny or qualify** the facts by reference to each numbered paragraph of the moving party's statement of material facts and unless a fact is admitted, shall support each denial or qualification by a record citation as required by this rule.

Failure to comply with this rule results in the Court deeming admitted the movant's SUF insofar as the facts contained therein are properly supported by record citations. *See,* Local Rule 56(e); *see also, Cabán Hernández v. Philip Morris USA, Inc.,* 486 F.3d 1, 8 (1st Cir.2007)("the district court acted justifiably in rebuffing the appellants' proffered counter-statement and crediting Phillip Morris' version of the facts; [since] the appellants **did not admit, deny or qualify** [its] assertions of fact **paragraph by paragraph** as required by Local Rule 56 ...; [i]nstead [submitting] an alternate statement of facts ..."); *Ruíz Rivera v. Riley,* 209 F.3d 24, 28 (1st Cir. 2000)(when the parties ignore the Local Rule, they do so at their own peril); *CMI Capital Market Investment, LLC v. González–Toro,* 520 F.3d 58 (1st Cir.2008)("failure to set forth a paragraph-by-paragraph admission or denial of the movant's material facts justifies a deeming order even where the opposition does propound other facts.")

The Valderrama Defendants' opposing statement, after attacking some of the facts proposed by the Plaintiffs, without denying, admitting or qualifying any of the facts as required by the rule, argued that they "have pointed to enough admissible evidence to create a factual issue for trial or permit a reasonable jury to conclude that [their] insurance claims were true ..." Docket # 1040, p. 8. Notwithstanding the clear mandate of Local Rule 56 that the opposing party must controvert the facts properly supported by the movant, or face the admission of said facts, the Val-

derrama Defendants failed to comply with it. As stated above, "in order to defeat summary judgement, the opposing party may not rest on conclusory allegations, improbable inferences, and unsupported speculation." *Hadfield*, 407 F.3d 11, 15. In light of the foregoing, because the Valderrama Defendants have failed to controvert the facts stated in the Insurance Companies' SUF (Docket # 1005) in accordance with the Local Rules, the facts included therein, which we conclude are properly supported by the record, will be deemed admitted.

The following facts are uncontested.

All the Plaintiffs in this case are insurance companies organized under the laws of Puerto Rico and authorized to engage in the business of insurance pursuant to the Insurance Code of Puerto Rico. Docket # 1006, ¶ 1. They are also engaged in the distribution or acquisition of goods or services in interstate commerce. *Id.*, at ¶ 2. Also, in furtherance of their business, Plaintiffs constantly receive and issue checks for losses reported by claimants whose property is insured by the Plaintiffs. *Id.*

The record reflects that Manuel Valderrama, a Co-defendant in this case, filed several false or fraudulent claims with various of the Plaintiffs in this case, to wit, Universal; Cooperativa; JUA; Royal; and PRAICO.[3] As a result of these fraudulent claims, the aforementioned companies issued several checks payable to Manuel Valderrama, which resulted in losses for these companies as follows: Universal: $20,887.25; Cooperativa: $17,090; JUA: $634.00; Royal: $30,764.00; and PRAICO: $51,247.16.

The record also shows that Manuel Valderrama filed several fraudulent claims along with his wife, Carmen Mestre, re-sulting in losses to the insurance companies as follows: Cooperativa: $10,000.00; Royal: $16,536.00; Caribbean Alliance Insurance Company (hereinafter CAICO) $69,600.00; and PRAICO: $28,935.00. In turn, the record reflects that Carmen Mestre alone filed fraudulent claims against various of the Plaintiffs which resulted in losses as follows: Universal: $8,875.91; Cooperativa: $14,000.00; JUA: $5,536.88 and PRAICO: $8,000.00.

Edgardo Valderrama, Manuel Valderrama's son also filed several fraudulent claims with various of the Insurance Companies, namely, Universal and Integrand. As a result of Edgardo Valderrama's wrongdoing, Integrand lost $25,630.00 and Universal lost $66,581.55. Finally, Edgardo Valderrama, along with his father, Manuel Valderrama, filed a fraudulent claim against National Insurance Company (National) which resulted in a loss of $15,250.00.

### A. Liability under RICO

Under Section 1962(c) of the RICO Act, "[i]t shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." In order to impose liability under Section 1962(c) of the RICO Act, the Insurance Companies must prove that (1) they are enterprises affecting interstate or foreign commerce, (2) that the Valderrama Defendants are associated with their enterprise; (3) that they participated in the conduct of the enterprise's affairs; and (4) that the Valderrama Defendants' participation was through a pattern of racketeering activity.

---

**3.** In the interest of brevity, we will obviate the reference number of these claims.

*Aetna Casualty Surety Co. v. P & B Autobody*, 43 F.3d 1546, 1558 (1st Cir.1994)(hereinafter *Aetna*); *citing*, 28 U.S.C. § 1962(c).

*"Enterprise affecting interstate commerce" requirement*

In the instant case, it is uncontested that the movants, Universal, Cooperativa, JUA, Royal, PRAICO, CAICO, and Integrand, are all authorized to engage in the business of insurance pursuant to the applicable provisions of the Insurance Code of Puerto Rico and are engaged in the distribution or acquisition of goods or services in interstate commerce (Docket # 1005 SUF ?# 1 & 2). As such, the first element of proof is met. *Id.* at 1558 (finding that a legitimate business which is a major property and casualty insurer doing business in many states is an "enterprise" affecting interstate commerce under RICO).

*"Associated with the enterprise" requirement*

As to the second element of proof, it is uncontested that the Valderrama Defendants were either an insured (policy holder) or a claimant under the movants' policies. *See*, Docket # 1005, SUF # # 4, 7, 10, 13, 16, 20, 22, 25, 28, 31, 34, 37, 40, 43, 46, 49, 52, 55, 58, 61, 64 & 67. Accordingly, per the First Circuit's interpretation in *Aetna Casualty*, the second element is met in this case. *Id.* at 1559 (holding that since an insured, a claimant or a body shop operator are each in a contractual relationship with the insurance company to whom they presented a false claim, they are likewise "associated with" the enterprise).

*"Participated in the conduct of the enterprise" requirement*

■ The third line of inquiry is whether the Valderrama Defendants participated in the conduct of the enterprise's affairs. To this end, the First Circuit has held that since "[a]ppraising allegedly damaged vehicles and investigating, processing, and paying automobile insurance claims are vital parts of Aetna's business, [b]y acting with purpose to cause Aetna to make payments on false claims, [defendants] were participating in the 'operation' of Aetna." *Id.* The First Circuit concluded that the defendants' filing of false claims with Aetna met the third requirement because it "caused the Aetna's appraisers to approve false claims and conduct their appraisals in a manner contrary to Aetna's business practices and caused Aetna to pay out large sums of money on false claims." *Id.* at 1560. Like Aetna, a vital part of the movants' business includes investigating, processing and paying automobile insurance claims. Furthermore, it is undisputed that the Valderrama Defendants' actions caused the Insurance Companies to make payments for twenty-four (24) false claims related to automobile insurance policies. *See*, Docket # 1005 SUF # # 3, 6, 9, 12, 15, 18, 21, 24, 27, 30, 33, 36, 39, 42, 45, 48, 51, 54, 57, 60, 63 & 66. As such, the third element is also met.

*"Pattern of racketeering" requirement*

■ Lastly, the fourth element requires that the Insurance Companies prove that the Valderrama Defendants' participation in the conduct of the enterprise's affairs be through a pattern of racketeering activity. This element has two evidentiary requirements: (I) that at least two (2) acts of racketeering are committed within the span of ten (10) years (predicate acts include mail fraud, wire fraud, and bribery as well as aiding and abetting these offenses) and (ii) proof of " 'continuity' sufficient to show that the predicate acts constitute a 'pattern' of racketeering activity." *Id.* at 1560–61 (citations omitted).

■ As to the predicate acts, it is uncontested that the Valderrama Defendants' participated in the filing of twenty-four

(24) false claims, either directly or indirectly, with eight (8) of the Insurance Companies [4] over a period of four (4) years (Docket # 1005 SUF Nos. 3, 6, 9, 12, 15, 18, 21, 24, 27, 30, 33, 36, 39, 42, 45, 48, 51, 54, 57, 60, 63, & 66). Furthermore, it remains uncontested that the U.S. Postal Service was used to send and receive relevant documents during the adjusting and processing of the fraudulent claims filed by these defendants. *See,* Docket # 1005 SUF ?69. Moreover, the First Circuit has held that a plaintiff need not prove that the defendant personally used the mail but only that the defendant acted "with knowledge that the use of the mails will follow in the ordinary course of business, or [acted in circumstances] where such use can be reasonably foreseen." *Aetna,* 43 F.3d at 1560 (*quoting, United States v. Maze,* 414 U.S. 395, 399, 94 S.Ct. 645, 38 L.Ed.2d 603 (1974)). Therefore, not only did the Insurance Companies present evidence sufficient to support their contentions that the mail was used in the processing of the fraudulent claims filed by the Valderrama Defendants, but the use of mail by the Insurance Companies could have been reasonably foreseen by them. Therefore, we find that the evidence presented by the Insurance Companies in support of their motion for summary judgment is also sufficient to establish the element of racketeering activity by the Valderrama Defendants.

Finally, as to the requirement of continuity, it is uncontested that the false claims presented by these defendants were related, and a part of, the same pattern of racketeering activity, since the predicate acts (twenty-four) were committed by these defendants within a span of four years, to wit, from 1996–2000. *See,* Docket # 1005, SUF # # 3, 6, 9, 12, 15, 18, 21, 24, 27, 30, 33, 36, 39, 42, 45, 48, 51, 54, 57,

60, 63 & 66. Therefore, the fourth and final element for liability under Section 1962(c) of the RICO Act is also satisfied.

■ Because the evidence in record implicates all the Valderrama Defendants, but shows that they did not act together always, we will issue separate judgments against each of the Valderrama Defendants and specify which amounts shall be paid severally and which jointly. Hence, for the above-stated reasons, the Insurance Companies' motion for summary judgment on their Section 1962(c) of the RICO Act claims against the Valderrama Defendants is hereby **GRANTED in part and DENIED in part.**

### B. Damages

Under Section 1964(c) of the RICO Act, an injured party in his business or property by violation of Section 1962(c) may recover "threefold the damages he sustains and the costs of the suit, including a reasonable attorney's fee." 18 U.S.C. § 1964(c). In this case, it is undisputed that the Insurance Companies sustained a loss of $380,567.75 due to the false claims in which the Valderrama Defendants participated. *See,* Docket # 1005, SUF # # 5, 8, 17, 23, 35, 56, 59, 62, 65, 68, 32, 38, 41, 50, 53, 20, 26, 29, 44, 47, 11, & 14. However, as stated above, we find that the evidence did not establish that these defendants always participated. As such, we will issue separate judgments against each of the Defendants for the fraudulent claims filed by each. Furthermore, having found that the Valderrama Defendants are liable under Section 1962(c) of the RICO Act, the movants are entitled to recover treble damages under the statute. Partial Judgment will be entered as follows:

Against Manuel Valderrama and in favor of:

---

4. Universal, National, Cooperativa, JUA, Roy-

al, PRAICO, CAICO, and Integrand.

Universal, in the amount of $62,-661.75 [5]

Cooperativa, in the amount $51,-270.00 [6]

JUA, in the amount of $1,902.00 [7]

Royal, in the amount of $92,292.00 [8]

PRAICO, in the amount of $ 153,-741.48 [9]

Against Manuel Valderrama and Carmen Mestre, jointly and severally, and in favor of:

Cooperativa, in the amount of $30,-000 [10]

Royal, in the amount of $49,608.00 [11]

CAICO, in the amount of $208,-800.00 [12]

PRAICO, in the amount of $86,-805.00 [13]

Against Carmen Mestre, and in favor of:

Universal, in the amount of $26,-627.73 [14]

Cooperativa, in the amount of $42,-000 [15]

JUA, in the amount of $16,610.64 [16]

PRAICO, in the amount of $24,-000.00 [17]

Against Manuel Valderrama and Edgardo Valderrama, jointly and severally,

5. This amount is the total loss suffered by Universal on account of Manuel Valderrama's filing of fraudulent claims, trebled pursuant to the RICO Act. *See*, Docket # 1006, SUF ## 5 & 8.

6. This amount is the total loss suffered by Cooperativa on account of Manuel Valderrama's filing of fraudulent claims, trebled pursuant to the RICO Act. *See*, Docket # 1006, SUF # 17.

7. This amount is the total loss suffered by JUA on account of Manuel Valderrama's filing of fraudulent claims, trebled pursuant to the RICO Act. *See*, Docket # 1006, SUF # 23.

8. This amount is the total loss suffered by Royal on account of Manuel Valderrama's filing of fraudulent claims, trebled pursuant to the RICO Act. *See*, Docket # 1006, SUF # 35.

9. This amount is the total loss suffered by PRAICO on account of Manuel Valderrama's filing of fraudulent claims, trebled pursuant to the RICO Act. *See*, Docket # 1006, SUF ## 56, 59, 62 & 65.

10. This amount is the total loss suffered by Cooperativa on account of Manuel Valderrama's and Carmen Mestre's filing of fraudulent claims, trebled pursuant to the RICO Act. *See*, Docket # 1006, SUF ## 17.

11. This amount is the total loss suffered by Royal on account of Manuel Valderrama's and Carmen Mestre's filing of fraudulent

claims, trebled pursuant to the RICO Act. *See*, Docket # 1006, SUF # 32.

12. This amount is the total loss suffered by CAICO on account of Manuel Valderrama's and Carmen Mestre's filing of fraudulent claims, trebled pursuant to the RICO Act. *See*, Docket # 1006, SUF ## 38 & 41.

13. This amount is the total loss suffered by PRAICO on account of Manuel Valderrama's and Carmen Mestre's filing of fraudulent claims, trebled pursuant to the RICO Act. *See*, Docket # 1006, SUF ## 50, 53 & 59.

14. This amount is the total loss suffered by Universal on account of Carmen Mestre's filing of fraudulent claims, trebled pursuant to the RICO Act. *See*, Docket # 1006, SUF ## 11 & 14.

15. This amount is the total loss suffered by Cooperativa on account of Carmen Mestre's filing of fraudulent claims, trebled pursuant to the RICO Act. *See*, Docket # 1006, SUF # 20.

16. This amount is the total loss suffered by JUA on account of Carmen Mestre's filing of fraudulent claims, trebled pursuant to the RICO Act. *See*, Docket # 1006, SUF ## 26 & 29.

17. This amount is the total loss suffered by PRAICO on account of Carmen Mestre's filing of fraudulent claims, trebled pursuant to the RICO Act. *See*, Docket # 1006, SUF # 53.

and in favor of National, in the amount of $45,750.00 [18]

Against Edgardo Valderrama and in favor of:

Universal, in the amount of $199,-744.65 [19]

Integrand, in the amount of $76,-890.00 [20]

Finally, at the conclusion of this litigation, the Insurance Companies will be allowed to submit a brief regarding attorney's fees and costs associated with the litigation of this case and, after review by the Court, the instant Partial Judgment may be amended to account for said fees and costs as the Court deems appropriate.

**SO ORDERED.**

---

18. This amount is the total loss suffered by Cooperativa on account of Edgardo Valderrama's and Manuel Valderrama's filing of fraudulent claims, trebled pursuant to the RICO Act. *See,* Docket # 1006, SUF # 68.

19. This amount is the total loss suffered by Universal on account of Edgardo Valderrama's filing of fraudulent claims, trebled pursuant to the RICO Act. *See,* Docket # 1006, SUF # 44.

20. This amount is the total loss suffered by Integrand on account of Edgardo Valderrama's filing of fraudulent claims, trebled pursuant to the RICO Act. *See,* Docket # 1006, SUF # 47.